FILED
2015 JUL 29 AM 10: 10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2014 Grand Jury

| UNITED STATES OF AMERICA, | SA CR No. 15-61(A)-AG |
|---|---|
| Plaintiff, | **FIRST SUPERSEDING INDICTMENT** |
| v. | |
| KEN ZHIYI LIANG, | [18 U.S.C. § 1512(k): Conspiracy to Obstruct Justice; 18 U.S.C. § 1512(c)(2): Obstruction of Justice; 18 U.S.C. § 1512(b)(3): Obstruction of Justice] |
| Defendant. | |

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. A person whose testimony is material in a criminal proceeding may be designated as a "material witness" by a court. In order to ensure the material witness's appearance at future court proceedings, the court may impose requirements upon the material witness as conditions to release pending further proceedings. These conditions may include restrictions on travel.

2. On or about March 10, 2015, the United States District Court for the Central District of California designated D.L. as a

material witness in connection with an investigation being conducted by the United States Department of Homeland Security, Homeland Security Investigations (the "Investigation"). As a condition of release from custody, the court imposed conditions of release upon D.L. These conditions restricted D.L.'s travel to within the Central District of California without prior court order. These conditions also prohibited D.L. from entering the premises of any airport, seaport, railroad, or bus terminal which permits exit from the continental United States or area of restricted travel without court permission.

3. United States Pretrial Services ("PTS") is an arm of the federal criminal courts that is responsible for supervising and monitoring the release of material witnesses to make sure that material witnesses comply with the conditions of their release. As part of its monitoring efforts, PTS typically requires a material witness to call the material witness's assigned PTS officer every week with an update on the status of the material witness.

4. Defendant KEN ZHIYI LIANG ("LIANG") was a lawyer licensed to practice law in the State of California who specialized in immigration law matters. Between on or about March 10, 2015 and on or about April 17, 2015, defendant LIANG represented D.L.

## COUNT ONE

[18 U.S.C. § 1512(k)]

5.  The Grand Jury hereby re-alleges and incorporates by reference paragraphs 1 through 4, as if set forth in full herein.

A.  <u>THE OBJECTS OF THE CONSPIRACY</u>

6.  Beginning on or about May 7, 2015, and continuing through on or about May 15, 2015, in Orange County, within the Central District of California, and elsewhere, defendant KEN ZHIYI LIANG ("LIANG"), and others known and unknown to the Grand Jury, combined, conspired, and agreed to knowingly and intentionally obstruct justice, in violation of Title 18, United States Code, Section 1512(c)(2).

B.  <u>THE MANNER AND MEANS OF THE CONSPIRACY</u>

7.  The object of the conspiracy were carried out, and to be carried out, in substance, as follows:

  a.  Defendant LIANG would assist D.L. travel to the People's Republic of China in violation of D.L.'s conditions of release imposed by the United States District Court for the Central District of California.

  b.  Defendant LIANG would introduce D.L. to an unindicted co-conspirator ("Co-conspirator A") for the purpose of facilitating D.L.'s travel to the People's Republic of China in violation of D.L.'s conditions of release imposed by the United States District Court for the Central District of California.

  c.  Co-conspirator A would purchase airplane tickets for D.L. to enable D.L. to leave the United States to the People's Republic of China, without being detected by federal law enforcement authorities.

1        d.   Defendant LIANG would enlist two additional unindicted co-conspirators to drive D.L. to the airport so that D.L. could board an airplane to travel to the People's Republic of China, in violation of D.L.'s conditions of release imposed by the United States District Court for the Central District of California.

C.   OVERT ACTS

8.   In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendant LIANG, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in Orange County, within the Central District of California, and elsewhere:

<u>Overt Act No. 1</u>:   On or about May 8, 2015, defendant LIANG spoke to D.L. on the telephone to discuss the possibility of D.L. evading federal authorities and traveling to the People's Republic of China, in violation of D.L.'s conditions of release imposed by the United States District Court for the Central District of California.

<u>Overt Act No. 2</u>:   On or about May 12, 2015, defendant LIANG met in person with D.L. to discuss a plan to evade federal authorities in connection with travel by D.L. to the People's Republic of China.

//
//
//

<u>Overt Act No. 3</u>:   On or about May 13, 2015, defendant LIANG spoke to Co-conspirator A on the telephone about meeting with D.L. to discuss a plan for D.L. to travel to the People's Republic of China.

<u>Overt Act No. 4</u>:   On or about May 14, 2015, defendant LIANG met in person with D.L. to discuss the cost of defendant LIANG assisting D.L. travel to the People's Republic of China and the details of the planned travel.

<u>Overt Act No. 5</u>:   On or about May 15, 2015, defendant LIANG met in person with D.L. to discuss the cost of defendant LIANG assisting D.L. travel to the People's Republic of China and the details of the proposed travel.

<u>Overt Act No. 6</u>:   On or about May 15, 2015, defendant LIANG accepted $6,000 in cash from D.L. in exchange for defendant LIANG's assistance in connection with the planned travel by D.L. to the People's Republic of China.

<u>Overt Act No. 7</u>:   On or about May 15, 2015, defendant LIANG spoke to Co-conspirator A on the telephone about meeting with D.L. at a coffee shop in Corona, California, to discuss their plan for D.L. to travel to the People's Republic of China, in violation of D.L.'s conditions of release imposed by the United States District Court for the Central District of California.

<u>Overt Act No. 8</u>:   On or about May 15, 2015, defendant LIANG attempted to take D.L. to meet with Co-conspirator A at the coffee shop in Corona, California, to discuss defendant LIANG's and Co-conspirator A's plan to help D.L. travel to the People's Republic of China.

COUNT TWO

[18 U.S.C. § 1512(c)(2)]

9. The Grand Jury hereby re-alleges and incorporates by reference paragraphs 1 through 4, as if set forth in full herein.

10. Beginning on or about May 7, 2015, and continuing to on or about May 15, 2015, in Orange County, within the Central District of California, and elsewhere, defendant KEN ZHIYI LIANG corruptly obstructed, influenced, and impeded, and corruptly attempted to obstruct, influence, and impede an official proceeding, namely, the Investigation by the United States Department of Homeland Security, Homeland Security Investigations, by knowingly and willfully assisting D.L. to abscond to the People's Republic of China, in violation of the conditions of release imposed upon material witness D.L. by the United States District Court for the Central District of California.

## COUNT THREE

[18 U.S.C. § 1512(b)(3)]

11.  The Grand Jury hereby re-alleges and incorporates by reference paragraphs 1 through 5, as if set forth in full herein.

12.  On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant KEN ZHIYI LIANG ("LIANG") knowingly corruptly persuaded, and attempted to corruptly persuade, D.L., by engaging in the conduct set forth below, with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a violation of conditions of release pending judicial

//
//
//

proceedings.

| DATE(S) | CONDUCT |
|---|---|
| May 8, 2015 and May 12, 2015 | Instructed D.L. to delete the contents of D.L.'s cellular phone, including text messages and WeChat messages. |
| May 12, 2015 | Instructed D.L. to communicate through WeChat. |
| May 12, 2015 | Instructed D.L. to obtain a prepaid cellular telephone to communicate with defendant LIANG. |
| May 12, 2015 | Instructed D.L. to continue reporting weekly to PTS after arriving in the People's Republic of China. |
| May 14, 2015 | Instructed D.L. to purchase an airplane ticket from an airline based outside of the United States. |

A TRUE BILL

/S/

Foreperson

EILEEN M. DECKER
United States Attorney

*[signature: Widman for:]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Office

JERRY C. YANG
Assistant United States Attorney
Riverside Office